*Reversed, injunction reinstated, remanded.*

# CHARLESTON.

## STATE v. JOE SAVAGE.

Submitted September 7, 1920.    Decided September 21, 1920.

1. INDICTMENT AND INFORMATION—*Indictment for Second Offense Must Directly and Precisely Describe the Former Conviction.*

   To subject a defendant, indicted for a second offense against the provisions of section 3, chapter 32A, Code 1918, to the superimposed penalty therein provided, the indictment must aver such former conviction directly, not parenthetically, or by way of participial clause, and describe it with sufficient particularity and precision to advise the accused of the charges he must prepare to meet, and enable the court to determine whether the statute applies.    (p. 657).

2. CRIMINAL LAW—*In Statute Imposing Additional Penalty for Second "Conviction" That Word Denotes Finality.*

   Where a former conviction is made the ground of some disability or penalty to be imposed upon a defendant found guilty of a second offense, the word "conviction," as used in the statute, generally connotes finality of judicial ascertainment, so far as the trial court is concerned.    (p. 658).

3. INDICTMENT AND INFORMATION—*Indictment for Second Offense Should Aver Sentence on Former Conviction.*

   An indictment charging such former offense should aver not only the conviction, as represented by the jury's verdict, but also the sentence based thereon, in order to show that the proceeding for the first offense has attained a state of finality so far as the trial court has power to control it.    (p. 658).

4. SAME—*Defective Averment as to Former Conviction Permits Trial for Offense Charged.*

   Defective averments respecting a former conviction for the same offense, incorporated in an indictment as a basis for the

infliction of an additional penalty in case the accused is found guilty of the principal offense, do not vitiate the whole indictment, but only such part of it as charges the former conviction. If otherwise sufficient, the accused may be put to trial for the prinicpal offense charged against him. (p. 659).

5. CRIMINAL LAW—*Indictment and Information—Proof of Former Conviction Not Required Where Defendant Confesses It.*

Ordinarily it is the duty of the state not only to plead, by proper averment, the fact of the former conviction, but also to prove it by the introduction of the record evidence pertaining thereto; but where the defendant, by voluntary and unretracted admission in open court, confesses a prior conviction, properly averred, there is no necessity for the introduction of formal proof thereof. (p. 660).

6. SAME—*Where Averment as to Prior Offense is Defective Admission of Former Conviction is Not a Confession Permitting Additional Punishment.*

But where the averment respecting the prior offense is defective, because uncertain and indefinite, an admission by accused of former conviction does not constitute a judicial confession thereof, subjecting him to the additional penalty provided by statute, though made during and for the purpose of the trial, since that portion of the indictment is vitiated by the defect and no longer constitutes part of the offense charged against him. (p. 660).

(WILLIAMS, PRESIDENT, absent.)

(RITZ, JUDGE, dissenting in part.)

Error to Circuit Court, Fayette County.

Joe Savage was convicted of the second violation of the Prohibition Law, and he brings error.

*Reversed and remanded.*

*T. A. Myles* and *Osenton & Lee,* for plaintiff in error.

*E. T. England,* Attorney General, and *Charles Ritchie,* Assistant Attorney General, for the State.

LYNCH, JUDGE:

The sufficiency of the indictment upon demurrer, the sufficiency and competency of the proof offered by the state upon the trial and admitted over defendant's objection, and the pro-

priety and relevancy of instructions asked by the state and given and those asked by defendant and refused, are the chief grounds assigned by defendant to reverse the judgment of conviction and sentence to confinement in the penitentiary for the second violation of the provisions of section 3, ch. 32A, Code 1918, the prohibition statute. Other assignments are merely collateral or incidental to these.

In charging the principal offense, the one for which defendant is now under conviction, the indictment follows the form prescribed by section 3 of the chapter cited; but the draftsman attempted to charge two former convictions against defendant for violations of the same section, the first by a participial phrase immediately following the description of the violation for which he was last indicted, the phrase being in these words: "He, the said Joe Savage, having been prior to the date of committing said offense and previously thereto been convicted of a like offense in the criminal court of Fayette County, West Virginia, on the 28th day of April, 1917, and sentenced to confinement in the county jail of said county for and during a period of six months, and to pay a fine of $100.00 and costs."

The other former conviction is charged in this language: "And the grand jurors aforesaid, upon their oaths aforesaid, do further present that the said Joe Savage was, prior to the date of the commission of the offense first hereinbefore mentioned and also prior to the date of the conviction hereinbefore set out, convicted by C. L. Ballard, a justice of the peace of Fayette County, West Virginia, upon a charge of a like offense, to-wit: for unlawfully manufacturing, selling, keeping, offering, storing and exposing for sale and solicit and receiving orders for liquors and absinthe and drink compounded of absinthe, against the peace and dignity of the State."

According to all the decisions and text writers dealing with the subject and examined by us, the rule is that to subject a person indicted for a second offense to a superimposed penalty because of a former conviction, when authorized by statute, the indictment must directly aver such a conviction with particularity and definiteness, at least to an extent sufficient to advise the accused of the charges he must be prepared to meet, and to enable the court to determine whether or not the statute applies.

*State* v. *Welch,* 69 W. Va. 547; *Paetz* v. *State,* 129 Wis. 174, 9 Ann. Cas. 767, and cases cited in note; 3 Wharton, Crim. Proc. (10th Ed.), § 1877; 1 Bishop, New Crim. Proc. §§ 77, 101; *Rand* v. *Com.,* 9 Gratt. 738; 16 C. J. p. 1342; 14 R. C. L. p. 190. The description need not technically be perfect. Substantial disclosure is all that is required. *State* v. *Hoilman,* 82 W. Va. 98; *State* v. *Goldstrohm,* 84 W. Va. 129, 99 S. E. 248; *State* v. *Wentworth,* 65 Me. 234; *State* v. *Small,* 64 N. H. 491.

The requirement for directness and particularity in describing the former conviction and sentence as a result of the proceedings had before the criminal court of Fayette County, April 28, 1917, the indictment ignores. The averment as to that conviction is inserted merely as a parenthetical observation, or as a recital, not as a positive and direct charge, though the recital does disclose the imposition of a sentence of fine and imprisonment in the county jail. But the prior conviction of the accused, as ascertained by Ballard, is stated in the indictment with all the directness, particularity and precision required by law, except as to the sentence imposed, if such an averment is requisite, as it fully and completely advises the accused of the facts necessary to warrant the trial court to add the increased penalty, should he again be convicted of the main charge preferred against him, and should the state prove and the jury ascertain the facts to be as therein averred, both as to the main charge and the conviction by Ballard. *State* v. *Hoilman, supra; State* v. *Goldstrohm, supra.*

The averment of the indictment charging the conviction of defendant last mentioned is silent as to the sentence imposed upon him as punishment for the offense. Ordinarily the sentence is no part of the conviction, but is based on it. However, where a former conviction for the same offense is made the ground of some disability or special penalty, it is held generally that the word "conviction" includes within its meaning the finality attributed to a judgment, and for that reason necessitates the pronouncement of sentence upon the verdict in order to obtain a judgment that is final, so far as the trial court is concerned. *Com.* v. *McDermott,* 224 Pa. 363; *Smith* v. *Com.,* 14 Serg. & R. (Pa.) 69; *Faunce* v. *People,* 51 Ill. 311; 16 C. J. pp. 1266, 1267, 1341, §§ 3002, 3155. A defendant cannot be

guilty of a second offense until it has been judicially determined that he has sinned once before. Between a jury's verdict of guilty and the pronouncement of sentence thereon there may and frequently do intervene numerous motions of counsel and rulings by the trial court. The verdict may be set aside, upon proper motion, and a new trial awarded, followed by acquittal. There is no finality in the verdict alone. Only when the trial court's approval has been given thereto in the form of a sentence does it become a final conviction sufficient to support the imposition of an additional penalty for a second offense, and it retains its character of finality at least until an appeal is allowed by an appellate court. For these reasons the indictment should aver not only the conviction, but the sentence based thereon, to show that the proceeding for the first offense has attained a state of finality so far as the trial court has power to control it. With this rule requiring the imposition of a judgment upon the verdict of guilty the indictments for second offenses involved in *State* v. *Hoilman,* cited, and *State* v. *Goldstrohm,* cited, fully complied. An indictment must be as certain as the case will allow. 1 Chitty, Crim. Law, pp. 171, 172, 231. We have heretofore held in recent decisions that it is not necessary to aver also that the former judgment of conviction has not been reversed or set aside by an appellate court, such fact if true being defensive and the burden being upon defendant to prove the same on the trial. *State* v. *Goldstrohm, supra; State* v. *Vendetta,* 86 W. Va. 186. Nor is it necessary in describing the prior offense to set out fully and at length the proceedings and record pertaining thereto. The purpose of the averment is to show that defendant, because of past conviction, should be subjected to additional penalties, and when the prior offense is described with sufficient directness and particularity to advise him of the offense referred to, and with sufficient precision to enable the court to determine whether the statute applies, the indictment discloses all that is necessary in that regard. 16 C. J. p. 1342, § 3159.

There is, moreover, a consensus of opinion among courts and authors that defective averments concerning former conviction, to warrant an increase of the penalty for a subsequent conviction, do not vitiate an indictment or subject it to a successful

challenge by demurrer. The indictment is sufficient, they say, to put defendant upon trial for the substantive or primary offense charged against him, and the only effect of the failure to show with sufficient directness, certainty and precision the former conviction is to afford defendant an opportunity to object to the admission of the requisite proof to sustain the charge so preferred; wherefore the ruling upon the demurrer was not erroneous. *State* v. *Thornton,* 63 N. H. 115; *Satterfield* v. *Com.,* 105 Va. 867; 22 Cyc. 358.

Defendant contends that the failure of the state to offer in evidence the record proof of the former conviction was prejudicial error necessitating reversal, despite his voluntary admission of such prior conviction in open court. In this connection the statute provides: "It shall be the duty of the prosecuting attorney in all cases to ascertain whether or not the charge made by the grand jury is the first or second offense; and if it be a second offense, it shall be so stated in the indictment returned, and the prosecuting attorney shall introduce the record evidence before the trial court of said offense, and shall not be permitted to use his discretion in charging said second offense, or in introducing evidence and proving the same on the trial." If he must produce and offer the record evidence of the former conviction, no just rule of law excuses the direct averment of a fact necessary to prove.

The purpose of this provision evidently is to make it the imperative duty of a prosecuting attorney, who otherwise might be inclined to laxness in the prosecution of offenses involving additional penalties, and might for that reason fail to do so, to charge and prove former convictions of defendant for the same offense, when such fact comes to his knowledge. But where the defendant, by voluntary and unretracted admission in open court, confesses the prior conviction, properly averred, there is apparent no sound reason of law or policy for requiring formal proof of such fact. The Legislature did not intend to impose a vain and useless duty upon a prosecuting officer. Its only object was to make plain the requirement that such former conviction must be established for the purpose of subjecting successive offenders to additional deterrent penalties. When such fact is admitted voluntarily in open court and not retracted, the

necessity for proof thereof is not apparent, despite authorities holding to the contrary. 16 C. J. 1344, 1345, §§ 3164, 3166; 8 R. C. L. p. 276. A defendant may admit or confess the principal offense charged, and there is no question that the court could then properly sentence him therefor. The prior conviction is a part of the offense, a fact ordinarily to be proved, but when the defendant is willing voluntarily to confess it, the fact may be considered as established for the purposes of the trial. Like all confessions or admissions, however, it must be voluntary, definite and complete, but once these requirements are met, further proof of the fact need not be given.

Nor are there two counts in the indictment, as defendant contends. Considered as a whole and without reference to the former conviction therein attempted to be averred, the indictment prefers but one charge against the accused. That part of it which it is argued is a second count charges no violation of law. Its office and function is to show a conviction before Ballard, the justice, and does that only by way of authorizing the infliction of a superadded penalty in the event defendant is found guilty of the main charge.

But one witness, Cliff Tatum, testifies to the sale by defendant to himself and two other boys who accompanied him, and who together, according to his testimony, purchased, paid for and drank the mixture called "Skebo". He also says it was intoxicating because it intoxicated him almost as soon as he drank it. Savage not only denied making the sale but said what he had for sale and sold to other customers would not produce intoxication, however much the purchaser drank; and in this respect other witnesses examined in his behalf corroborated him. Evidently for the purpose of strengthening Tatum's testimony as to the sale charged, A. B. Burgess, who also testified in chief for the state, was permitted over objection to say he saw Tatum in an intoxicated condition while on his way home on the roadway leading in that direction from Savage's place of business about a quarter of a mile distant. Tatum fixed the time of the purchase of the intoxicating liquor, if such it was, on an afternoon sometime between Christmas, 1918, and March, 1919. He seems to have been unable to be more definite. This state-

ment, brief as it is, does not fully disclose the extent of the uncertainty; yet it suffices for the purpose of this decision. Burgess was equally indefinite as to the time, and the only time, he saw Tatum in the condition stated at the place identified by him, namely, between 10 and 11 o'clock, P. M., at the mine tipple, where they both worked, sometime in the spring or summer of 1919. This confusion and indefiniteness in the testimony of both witnesses as to the time of the purchase leaves too much latitude for conjecture to attach value or weight upon the fact and date of the purchase or the quality of the drink, especially in view of the admission of Tatum that, near the time fixed by him as the date of the purchase from Savage, he frequently bought from other persons and drank intoxicating liquors, and was in an intoxicated condition about that time. The trial court, we think, for these reasons erred in not sustaining defendant's motion, timely made, to exclude Burgess' testimony.

The first instruction asked by the state, and given, defendant insists should not have been read to the jury, because when read it told them that defendant had admitted an adjudication of his guilt of a former violation, April 28, 1917, of the same statute, as finally adjudged against him by the criminal court of Fayette County. This admission he did make, it is true, as appears from the record, after the jury was sworn to try the case. But as we have seen and stated, this conviction was not properly averred in the indictment, and for that reason no admission by defendant in that regard could legally bind him. In other words, the indictment must state the former conviction with sufficient precision to sustain a conviction by the verdict of a jury, before such an admission or confession of guilt, though made upon the trial, would bind the accused. His confession amounts only to an admission of record of the truth of whatever is sufficiently charged in the indictment. *State* v. *Kelley,* 206 Mo. 685; *Fletcher* v. *State,* 12 Ark. 169; *Arbintrode* v. *State,* 67 Ind. 267; 2 Wharton's Crim. Proc. (10th Ed.), § 1341. The instruction should not have been given.

Nos. 2 and 4 are not as liberal as instruction No. 4 condemned in *State* v. *Price,* 83 W. Va. 71, 79, for they do in effect require the jury to predicate their finding upon "the evidence and

circumstances in the case," and while they could and perhaps should have been more explicit, to declare them erroneous for the reasons assigned would magnify unimportant omissions. For No. 2, after telling the jurors what liquors, mixtures and preparations are by statute deemed intoxicating, told them what to do if they should believe from all the evidence and circumstances, beyond a reasonable doubt, that defendant sold any such liquors, mixtures and preparations. And after defining "reasonable doubt," No. 4 in effect required them to find defendant guilty "if all the facts and circumstances in the case" are such as to lead the minds of reasonable and prudent men to the conclusion that he is guilty, though there be a possibility of his being innocent. How this language, though somewhat inapt, could mislead the ordinary jury is scarcely conceivable.

For these reasons our order will reverse the judgment, set aside the verdict, and award defendant a new trial.

*Reversed and remanded.*

RITZ, JUDGE, *(dissenting in part)*:

I cannot concur in so much of the opinion in this case as holds the indictment insufficient to charge a felony because it fails to allege the sentence inflicted upon the defendant upon the former conviction. It is held in the opinion that when the legislature used the word "conviction" it meant not only that the accused party was found guilty, but that a judgment was rendered upon such finding, but when this word is used in an indictment found under the act of the legislature the court is unable to determine what the pleader meant, or, rather, that the word must be given its ordinary meaning, that is, that the accused party was simply found guilty without any judgment ever having been pronounced upon such finding. That the word conviction in a statute like this means not only a finding by the jury, or other tribunal, that the accused is guilty, but that a judgment has been pronounced upon such finding, is beyond question. 2 Words & Phrases, p. 1585; 1 Words & Phrases (sec. ser.) p. 1043. I am unable to understand why a word when used in an act of the legislature has such a definite and certain signification, and when used in an indictment drawn under that act has no definite and certain meaning, or is so indefinite and uncertain in its meaning that the court cannot tell what is

86 W. Va.

meant by it. I would hold that when such a word is used in an indictment drawn under a statute it has the same meaning that it has in the statute, and if a definite and certain meaning can be attributed to it when used by the legislature, the same definite and certain meaning will be given it when used by the pleader in drawing an indictment under the legislative act.