## HAWKINS v. STATE.

Ohio Appeals, 3rd Dist., Logan Co.

No. 742. Decided Jan. 7, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

223. CHANGE OF VENUE.

Affidavit, stating that accused had been criticized and denounced, for his lawlessness and other activities in county in which crime is alleged to have been committed, held not sufficient to entitle him to change of venue.

961. INTOXICATING LIQUORS—480. Evidence—677. Judgments & Decrees—629. Indictment.

1. Indictment, setting forth two previous convictions, held sufficient to support conviction as for third offense.

2. Fact that neither of two previous convictions was for second offense, not fatal.

3. Judgment, rendered by mayor's court, cannot be collaterally attacked.

Error to Common Pleas.
Judgment affirmed.

Roy Warren Roof, Kenton, and Hale & McGee, Bellefontaine, for Hawkins.
Elmer L. Godwin, Bellefontaine, for State.

STATEMENT OF FACTS.

At the January Term, 1926, of the Court of Common Pleas of this county, plaintiff in error was indicted for transporting intoxicating liquor contrary to and in violation of the Crabbe Act.

To this indictment, plaintiff in error entered a plea of not guilty.

The issue thus made was tried to a jury, who returned into court, a verdict finding the plaintiff in error guilty, as charged in the indictment.

A motion for a new trial was overruled, and the plaintiff in error sentenced to imprisonment in the penitentiary, and to pay the costs of prosecution.

The reversal of the judgment of conviction is the object of this proceeding.

The errors, assigned upon the record, as grounds for reversal of the judgment, present the following questions for our determination.

1. Did the trial court err in refusing to order a change of venue?

2. Did the indictment charge a third offense?

3. Did the trial court err in admitting in evidence, over the objections of plaintiff in error, the records of the mayor's court?

JUSTICE, J.

"We will consider these assignments of error in the order named.

1. Prior to the trial, the plaintiff in error, by motion, represented to the trial court that he could not have a fair and impartial trial in Logan county. A number of affidavits were filed in support of the motion. The State of Ohio did not controvert the facts set forth in said affidavits. The motion was heard and overruled.

During the impaneling of the jury, five veniremen were excused for cause upon their statements that they had such a fixed opinion, regarding the guilt or innocence of the plaintiff in error, as would require evidence to remove it.

After the jury was impaneled and sworn, plaintiff in error renewed his motion for a change of venue, which was again overruled by the trial court.

The affidavits, filed in support of said motion, disclose, in substance, that in 1925 the plaintiff in error obtained the signatures of a number of citizens of Logan county, to a petition requesting a special grand jury investigation of the shooting of an insane citizen of Logan county, by an official of that county; that plaintiff in error circulated petitions in Logan county which called for the removal from office of certain officials of said county; that his said activities caused some of the people of Logan county to praise him and

others to denounce him; that since circulating said petitions he has been arrested in Logan county on various criminal charges; that the newspapers of Logan county have published accounts of his arrests; that some of said accounts were very unfavorable to him; and that, by reason of his said activities, his various arrests for crime and the accounts of same in the newspapers, a large number of citizens of Logan county are prejudiced against him to such an extent that, in the opinion of affiants, it will be impossible for him to have a fair and impartial trial, in the case at bar, in Logan county.

It is very apparent, from a mere casual reading of 13636 GC., that a criminal case must be tried in the county in which the indictment originates, unless it be shown that a fair and impartial trial cannot be had there. But whether such an order should or should not be made, always rests largely within the sound discretion of the trial judge. And a reviewing court should not disturb his ruling thereon, unless it be clearly shown that he has abused that discretion. 90 OS. 167-169.

The criticism and denouncement of plaintiff in error for his activities in circulating the petitions, and his lawlessness, were but natural and to be expected. A person who commits crimes cannot expect good people to speak kindly of him or praise his wrongful and unlawful acts; and one who endeavors to have an officer removed from office or indicted by a grand jury, may expect to be censured by the officer and his supporters, for so doing. But it does not necessarily follow that one, so criticided and denounced, even if by a large number of the citizens of the county, may not, if placed on trial for a crime, have a fair and impartial trial in the county where such criticism and denouncement occur.

In the instant case a jury was, in fact, duly impaneled and sworn. The mere fact that five veniremen had opinions as to the guilt or innocence of the plaintiff in error, is of no moment.

In our opinion the trial court was warranted in overruling the motion for a change of venue. We therefore hold that this assignment of error is not well taken.

2. Counsel for plaintiff in error contend that the indictment did not charge a third offense under the Crabbe Act, for the reason that it failed to show that a second offense was charged, in the affidavit before the mayor, as a second offense. They maintain that plaintiff in error could not be charged with a third violation of this act until he had been charged with, and convicted of, a second offense, thereunder: that an offense under the act is to be regarded as a first offense unless the complaint upon which the prosecution is based, otherwise states; that it did not affirmatively appear in the indictment, that the offense to which the plaintiff in error plead guilty, was charged as a second offense; and that, therefore, said offense must be regarded only as a first offense and that too, notwithstanding the fact that plaintiff in error had, on Sept. 22, 1925, before the Court of Common Pleas of Logan County, plead guilty to the unlawful possession of intoxicating liquor. With this contention, we are not in accord.

Sections 6212-15 and 6212-17 GC., in order to carry out the provisions of the Act, must be liberally construed.

According to the indictment, plaintiff in error had offended against the Act three times. First on May 5, 1925; second on Nov. 17, 1925; and third on Feb. 18, 1926. Obviously the indictment charged a third offense under the Act. This assignment of error we therefore find to be not well taken.

Counsel for plaintiff in error maintain that the judgment of the mayor's court, in the case of State v. Felix Hawkins, is a nullity for the reason that said mayor did not have jurisdiction over the subject matter and that, therefore, the court below erred in admitting in evidence, over their objection, said records.

This contention, as we view it, is not tenable, and for the following reasons:

First: The mayor had final jurisdiction in the case. Section 4536 GC., Sect. 6212-18 GC.

Second: Plaintiff in error plead guilty and did not question the mayor's jurisdiction over his person.

Third: The judgment rendered by the mayor's court cannot be collaterally attacked. 108 OS. 127. 43 OS. 78.

Entertaining these views, it follows that the judgment of the court below should be affirmed."

Before Judges Crow, Hughes and Justice.