## BUMBAUGH v STATE

Ohio Appeals, 5th Dist, Muskingum Co
No. 419. Decided March, 1930

Clarence J. Crossland, Zanesville, for Bumbaugh.
L. M. Soliday, Zanesville, for State.

**LEMERT, PJ and SHERICK, J (5th Dist) and ROBERTS, J (7th Dist) sitting.**

LEMERT, PJ.

There were a number of assignments of error set forth in the Petition in Error, but in oral argument and in written brief the plaintiff in error seems to stress particularly two assignments of error; the first of these being the question of variance between the allegations of the indictment and the proof, being entirely upon the date of the prior conviction; and the other chief assignment which is particularly stressed by plaintiff in error is that of the right of the State to prosecute a Third Offense where the two prior convictions took place on the same date.

As to the question of variance, we find that subject very ably treated in Underhill's Criminal Evidence, Third Edition, page 75, wherein the author used this language:

"But though the general rule is that the crime which is laid in the indictment must be proven substantially as alleged, no variance will be material if the allegations of the indictment are separable and the substance of the crime is proved."

The author further says that in determining whether a variance is material, the question to be considered is, does the matter so far fully and correctly inform the defendant of the criminal act with which he is charged, and taking into consideration the proof which is introduced against him, he is not misled in making his defense, or placed in danger of being twice put in jeopardy for the same offense.

In the indictment in the instant case it is noted that Carl C. Bumbaugh entered a plea of guilty to a charge of possessing intoxicating liquor on the 8th day of June, 1927, and the only variance complained of is as to the correct date on which the plea of guilty to that charge was entered.

We fail to see in what way the plaintiff in error could have been misled because of the fact of his plea of guilty to an offense

charged on a certain date was a fact which was within his own knowledge and was definite as to the date or time of his violation. The same argument would apply to the criminal variance in the second prosecution, that offense having been committed October 18, 1927.

The record in the case before us discloses that an affidavit was filed against Carl C. Bumbaugh, charging him with an unlawful possession of intoxicating liquor on the 8th day of June, 1927; that a plea of not guilty was entered by him at that time and that nothing further was done with that charge until October 22, 1927. In the meantime, on October 8, 1927, he was again arrested on an affidavit charging unlawful possession of intoxicating liquor on the 8th day of October, 1927; and on the 22nd day of October, 1927, he came into Court, changed his former plea of not guilty to one of guilty; and on both charges was sentenced by the Court. The Journal Entry, however, in each case was not placed upon the Journal on the 22nd, which was on Saturday, but was journalized on the following Monday, October 24, 1927.

The record also discloses that both fines imposed in both cases were paid on the 22nd day of October, 1927.

The question raised in this Court by the plaintiff in error is as to whether or not the Third Offense charged could be predicated upon two former offenses; there being no question but what the two former offenses were completely adjudicated long before the time of the charge of this Third Offense upon and for which the plaintiff in error was indicted: or, in other words, would the mere fact that these two former offenses, one actually committed on June 8, 1927, and the other one on October 18, 1927, keeping in mind that they were both disposed of and finally adjudicated upon the same date, to-wit, on the 22nd day of October, 1927, bar the indicting and subsequent conviction of plaintiff in error for a Third Offense.

We believe that it is well settled by the law of this State, as well as other states, that where two offenses have been finally and completely adjudicated, and after such adjudication another violation of the same statute is committed, that this violation plainly comes within the meaning of a Third Offense.

In the case of Hocking vs. State, decided by the Court of Appeals of Logan County, January 27, 1928, and reported in **161 N. E., page 284**, in the Opinion of the Court, as found on page 287, the Court used this language in referring to 6212-17 GC.

the provisions of the Act must be liberally construed. As we interpret them, they clearly provided for the prosecution as for a felony of any person who prior to an alleged Third violation had been twice charged with and convicted of an offense under the Act."

The Court of Appeals of the Fifth Ohio District, in Licking County in case of Sissea vs. the State, held that where two or more convictions which have been finally adjudicated appear of record as against the defendant, that opens the way and makes it clear for the maintaining of and conviction for a Third Offense; it not being necessary to allege in an indictment for a Third Offense that there had been a First and Second Offense committed, but if there had been two offenses or convictions or two pleas of guilty, as in the instant case, fully completed and adjudicated of record, then an indictment can be maintained for a Third Offense.

The jury in the instant case found the defendant guilty of a violation so alleged to have been committed on December 3, 1929, to-wit, a Third Offense, and returned a verdict of guilty for a Third Offense violation.

From the facts and from the evidence in the record before us and under the law of this state we hold that the plaintiff in error was properly charged with and convicted of a Third Offense, and we find no error prejudicial to the rights of plaintiff in error in the record before us; so it follows that the judgment of the Court below will be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J., and Roberts, J., concur.