The State of Ohio, Appellee, *v.* Laskey, Appellant.

(No. 10223—Decided February 13, 1968.)

*Mr. Melvin G. Rueger* and *Mr. Calvin W. Prem,* for appellee.

*Messrs. Signer & Roney* and *Mr. Donald L. Robertson,* for appellant.

Long, P. J.   On Saturday evening, August 13, 1966, Barbara Bowman, aged thirty-one years, with some friends was visiting a bar on Vine Street in the city of Cincinnati. At about two o'clock on Sunday morning following, Miss Bowman went to the phone, called a taxicab, and in a few minutes a cab driver entered the bar and called, "cab." Miss Bowman left the cafe in the company of the cab

driver who was identified by several witnesses at the trial as the defendant.

There is substantial evidence that, somewhere on Grand Avenue between Glenway and Warsaw Avenues in Price Hills, Miss Bowman was brutally attacked. She was stabbed numerous times; marks on her neck were identified by the coroner as having been made in an effort to choke her; the carotid artery was severed, as was the juglar vein. We will not recite the gory details. Miss Bowman was horribly butchered.

Just about four months after the Bowman murder, defendant, on December 9, 1966, was arrested for an unrelated assault on a twenty-two year old young woman, and was sentenced to six months in jail. This conviction resulted in the most intensive police investigation and the indictment of defendant for the murder of Miss Bowman. He was convicted and sentenced on May 5, 1967, to die in the electric chair.

In his appeal to this court, defendant has set forth twenty-three alleged errors committed in the trial of his case, which he claims were prejudicial and which prevented him from having a fair and impartial trial. We do not think there is any merit to any of his claims; however, we do wish to discuss his assignment of error number three (3). In setting forth this alleged error, defendant says:

"The trial court erred in denying the defendant's motion for a change of venue from Hamilton County, and in denying to the defendant a hearing upon questions of law and fact raised thereby adequate enough to protect the defendant's constitutional rights under the Ohio Constitution and the Constitution of the United States of America to be tried by a fair and impartial jury."

Not only in Ohio, but in every jurisdiction in the land, every person charged with a felony has a right to be tried by a fair and impartial jury, and a change of venue should be granted when it becomes *clearly apparent* that a fair and impartial trial *cannot* be had in the county of the origin of the crime, *and only then.* A change of venue rests largely within the sound discretion of the trial court, and this court should not disturb the trial court's ruling on a

motion for change of venue in a criminal case unless it be *clearly shown* that the trial court has abused its discretion. This we cannot find in defendant's case. *Hawkins* v. *State,* 27 Ohio App. 297; *Richards* v. *State,* 43 Ohio App. 212; *Lutes* v. *State,* 37 Ohio App. 353.

It must be perfectly clear that the judge who presides at the trial is best able to judge the qualifications of jurors as to fairness and impartiality.

It does not necessarily follow that a venireman who has read accounts of a crime in a newspaper disqualifies himself, if he can truthfully say that he will decide the case solely on the evidence and the law as given to him by the court. No other process such as the range of examination provided for on *voir dire* examination of jurors can accomplish more fair-mindedness and impartiality in selecting a jury. That process was meticulously followed in the case at bar.

Finally, counsel makes much of the newspaper accounts. In *Townsend* v. *State,* 17 C. C. (N. S.) 380, 25 C. D. 408, the court held that newspaper reflections on the character of the defendant and his alleged crime are not sufficient in themselves to warrant a change of venue. The first paragraph of the syllabus of *Townsend* v. *State* is as follows:

"The examination of jurors on their *voir dire* affords the best test as to whether or not prejudice exists in the community against the defendant; and where it appears that the opinions as to the guilt of defendant of those called for examination for jurors are based on newspaper articles, and that the opinions so formed are not fixed but would yield readily to evidence, it is not error to overrule an application for a change of venue."

No error prejudicial to defendant being found, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

HILDEBRANT, J., concurs.