**Billy Joe MOORE, Petitioner,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–19–E.**

United States District Court
N. D. West Virginia.

July 11, 1969.

186

Raymond L. Fair, Elkins, W. Va., for petitioner.

C. Donald Robertson, Atty. Gen. of W. Va., Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner is presently incarcerated in the West Virginia State Penitentiary at Moundsville following his conviction in the Circuit Court of Greenbrier County, West Virginia. On August 12, 1959, Petitioner entered a plea of guilty to second degree murder and was sentenced to confinement by the Circuit Court of Greenbrier County for an indeterminate term of not less than five nor more than

eighteen years plus an additional period of five years under West Virginia's habitual criminal statute.

Petitioner applied to this Court for a writ of federal habeas corpus. Counsel was appointed to represent Petitioner, and a plenary hearing was held.

In his application Petitioner alleged that he was ineffectively represented by counsel during the recidivist proceedings which resulted in the additional sentence of five years, and secondly, that the recidivist part of his sentence is void. At the plenary hearing before this Court Petitioner abandoned the allegation regarding the ineffective assistance of counsel, and, instead, through counsel, articulated the issues regarding the challenge to the recidivist part of his sentence.

The issues now before this Court are:

1. Whether at the time of Petitioner's first conviction, there was a proper disposition by the Juvenile Court of Fayette County, West Virginia.

2. Whether Petitioner's first conviction was a proper basis for the imposition of an additional sentence under the West Virginia Habitual Criminal Statute by the Circuit Court of Greenbrier County, West Virginia.

3. Whether the sentencing order, sentencing Petitioner to confinement in the West Virginia Medium Security Prison is void.

It was apparent at the plenary hearing that the issues could and indeed should be resolved from the state trial court's records.

The records of the proceedings against Petitioner in the Circuit Court of Fayette County and the Circuit Court of Greenbrier County set forth the sequence of events involving Petitioner's convictions in those courts.

Petitioner's problems began in August, 1958, when he and others allegedly broke and entered a business establishment. He was subsequently indicted in the Circuit Court of Fayette County on two counts of breaking and entering and, on January 20, 1959, entered a plea of guilty to one count. Upon Petitioner's motion for probation, the matter was continued so that an investigation of his background could be made. Petitioner, meanwhile, remained free on bond.

While on bond pending sentencing in the Circuit Court of Fayette County, Petitioner allegedly participated in the murder of a man in Greenbrier County, West Virginia.

According to the indictment and Petitioner's allegations here for a writ of federal habeas corpus, the murder was committed in March, 1959.

On April 20, 1959, Petitioner appeared in the Circuit Court of Fayette County to be sentenced for the breaking and entering offense. That court ordered that Petitioner be sentenced to the West Virginia Medium Security Prison at Huttonsville for the statutorily authorized indeterminate period of not less than one nor more than ten years, which sentence was suspended, and Petitioner was placed on probation for three years.

Within a week or two of the sentencing for the Fayette County offense, Petitioner was arrested in Greenbrier County for the murder offense. On July 28, 1959, Petitioner was formally indicted by the grand jury for murder, and, on July 29, 1959, he entered a plea of not guilty. On August 12, 1959, Petitioner moved to withdraw his plea of not guilty and to enter a plea of guilty to second degree murder. Upon the trial court's acceptance of the plea, the prosecuting attorney filed an information alleging that Petitioner had been before convicted of a felony punishable by imprisonment. Petitioner acknowledged that he was the same person as the person formerly convicted in the Circuit Court of Fayette County. The Circuit Court of Greenbrier County then ordered that Petitioner be sentenced to the penitentiary for an indeterminate term of not less than five nor more than eighteen years and an additional term of five years as a former offender.

On the 17th of August, 1959, the Circuit Court of Fayette County revoked Petitioner's probation on the basis of his conviction in the Circuit Court of Greenbrier County and ordered that Petitioner serve an indeterminate term of not less than one nor more than ten years, this time in the West Virginia State Penitentiary, and that he serve this sentence consecutive to the sentence imposed by the Circuit Court of Greenbrier County.

The essence of Petitioner's complaint, as expressed in his application and testimony before this Court, is to attack the use of the conviction from the Circuit Court of Fayette County as the basis for recidivist proceedings in the Circuit Court of Greenbrier County.

The substantive section of the Habitual Criminal Statute, W.Va.Code § 61–11–18 (Michie 1966), provides:

When any person is convicted of an offense and is subject to confinement in the penitentiary therefor, and it is determined, as provided in section nineteen [§ 61–11–19] of this article, that such person had been before convicted in the United States of a crime punishable by imprisonment in a penitentiary, the court shall, if the sentence to be imposed is for a definite term of years, add five years to the time for which the person is or would otherwise be sentenced. Whenever in such case the court imposes an indeterminate sentence, five years shall be added to the maximum term of imprisonment otherwise provided for under such sentence.

In the instant case Petitioner had entered a plea of guilty to the first offense, breaking and entering, but had not been sentenced for that offense at the time of the commission of the second offense, second degree murder. However, he was sentenced for the first offense before any proceedings were begun regarding the second offense. It is because Petitioner's first conviction was not finalized by the pronouncing of sentence at the time of the *commission* of the second offense that he challenges the use of the first conviction as the basis for recidivist proceedings.

■ The jurisdiction of the trial court to order a sentence in addition to the sentence prescribed for a principal offense is derived exclusively from the West Virginia Habitual Criminal Statute, W.Va. Code §§ 61–11–18 and 19 (Michie 1966). State ex rel. Ringer v. Boles, 151 W.Va. 864, 157 S.E.2d 554 (1967); State ex rel. Beckett v. Boles, 149 W.Va. 112, 138 S.E.2d 851 (1964). "Being in derogation of the common law, such statutes are generally held to require a strict construction in favor of the prisoner. 24B C.J.S. Criminal Law § 1959, page 438." State ex rel. Ringer v. Boles, *supra*. Such statutes are to be strictly construed in light of the purpose and intention of the legislature which passed them.

■ The West Virginia Supreme Court of Appeals has stated that the public policy underlying the recidivist or habitual criminal statute is an attempt to deter the commission of offenses in the future. Therefore, offenses committed simultaneously, or approximately so, with the principal offense, State ex rel. Yokum v. Adams, 145 W.Va. 450, 114 S. E.2d 892 (1960),[1] or subsequent to the commission of the principal offense, State ex rel. Medley v. Skeen, 138 W.Va. 409, 76 S.E.2d 146 (1953); State ex rel. Stover v. Riffe, 128 W.Va. 70, 35 S.E.2d

---

1. The petitioner in State ex rel. Yokum v. Adams, 145 W.Va. 450, 114 S.E.2d 892 (1960), was tried and convicted at different terms of court upon two charges of attempted murder. These charges arose from a single occurrence when the petitioner had fired a single shot at two state policemen as they attempted to arrest him upon a warrant for another offense. Upon conviction for the second charge, the conviction and sentence of the first charge was one of the convictions relied upon as the basis for imposing a life sentence as a recidivist. The West Virginia Supreme Court of Appeals held that the life sentence was invalid because "one of the prior felony convictions relied upon for the life sentence * * * did not precede the commission of the principal offense." Supra at p. 895.

689 (1945),[2] clearly cannot be relied upon for the purpose of treating a defendant as a recidivist, even though the convictions for concurrent or subsequent offenses may have been obtained prior to the conviction for the principal offense. Such an application of the recidivist statute would not serve the deterrent purpose of the statute. Convictions found on the same day of court, regardless of when the offenses were committed, must be considered as a single offense for the purpose of applying the recidivist statute. State ex rel. Hill v. Boles, 149 W.Va. 779, 143 S.E.2d 467

(1965); Dye v. Skeen, 135 W.Va. 90, 62 S.E.2d 681, 24 A.L.R.2d 1234 (1950).[3]

■ The West Virginia Supreme Court of Appeals has also found, for recidivist purposes, that a former conviction must be finalized by the entry of a judgment of sentence, at least by the time of institution of the recidivist proceeding, before it can be relied upon to enhance the principal offense sentence. State v. Bierce, 113 W.Va. 649, 169 S.E. 478 (1933); State v. Savage, 86 W.Va. 655, 104 S.E. 153 (1920); 39 Am.Jur.2d Habitual Criminals, etc., §§ 7, 8.[4]

2. In State ex rel. Medley v. Skeen, 138 W. Va. 409, 76 S.E.2d 146 (1953), the defendant entered guilty pleas and was sentenced on September 6, 1935, for two breaking and enterings which occurred in August, 1935. In November, 1935, the defendant committed a malicious assault for which he was sentenced to the penitentiary on January 13, 1936. On April 29, 1936, the defendant was indicted for a breaking and entering offense which had occurred in August of 1935. When he entered a plea to this last charge on May 4, 1936, he was sentenced to life imprisonment as a third offender on the basis of the September, 1935, breaking and entering convictions as the first offense and the November, 1935, malicious assault conviction as the second offense. In holding void the life sentence imposed upon the defendant under the recidivist statute, the West Virginia Supreme Court of Appeals pointed out that the deterrent purpose of the recidivist statute was not served by imposing a life sentence where the offense resulting in the third conviction occurred prior to the commission of the second offense and prior to the conviction for the second offense.

The problem in State ex rel. Stover v. Riffe, 128 W.Va. 70, 35 S.E.2d 689 (1945), concerns a third conviction for a felony which was committed in point of time after the second offense but before the defendant had entered a plea to and been sentenced for the second offense. The defendant had been convicted and sentenced for a felony in 1942. On January 6, 1945, he was indicted for murder. On June 11, 1945, he was indicted for grand larceny, an offense occurring on June 9, 1945. He entered a plea of guilty to second degree murder on June 23, 1945, and was sentenced. Later that same day, he entered a plea of guilty to grand larceny, and recidivist proceedings were

brought against him as a third offender. The West Virginia Supreme Court of Appeals held that, because the third offense occurred before the plea and sentence for the second offense, the deterrent purpose of the recidivist statute would not be served by treating the defendant as a third offender.

3. In State ex rel. Hill v. Boles, 149 W.Va. 779, 143 S.E.2d 467 (1965), the defendant had previously entered pleas of guilty to two charges of attempted rape on the same day of court. It was held that these two convictions, if valid, could be considered only as a single prior conviction for the purposes of applying the habitual criminal statute.

4. In State v. Savage, 86 W.Va. 655, 104 S.E. 153 (1920), the defendant was charged with a second violation of the Prohibition Statute which provided for additional penalties for a second offense under the same statute. Under the law at that time, former offenses were to be charged in the indictment along with the principal offense. In discussing the requirements of what must be averred in an indictment regarding former offenses, the West Virginia Supreme Court of Appeals said:

The averment of the indictment charging the conviction of defendant last mentioned is silent as to the sentence imposed upon him as punishment for the offense. Ordinarily the sentence is no part of the conviction, but is based on it.

However, where a former conviction for the same offense is made the ground of some disability or special penalty, it is held generally that the word "conviction" includes within its meaning the finality attributed to a judgment, and for that reason necessitates the pronouncement of sentence upon the

■ In addition, the West Virginia Supreme Court of Appeals has observed that prior convictions must precede the commission of the principal offense before they can be taken into account for recidivist purposes.

Though other courts in some cases have adopted a different view with respect to the imposition of increased punishment, because of prior convictions, upon a person convicted of a subsequent offense, People v. Braswell, 103 Cal.App. 399, 284 P. 709; Bumbaugh v. State, 36 Ohio App. 375, 173 N.E. 267; the conclusion reached in this case, that two prior felony convictions at the same term of court, which are regarded as simultaneous, do not authorize or justify a sentence of life imprisonment upon a third felony conviction under a habitual criminal statute, accords with the general rule, recognized in numerous other jurisdictions, that to warrant an enhancement of the penalty, the prior convictions, except the first conviction, must be for an offense committed after each preceding conviction, and that all such prior convictions must precede the commission of the principal offense. The reason usually given for the establishment of the rule is that the legislature, in enacting a habitual criminal statute, intended it to serve as a warning to first offenders and to afford a convict an opportunity to reform. (Citations omitted.) Dye v. Skeen, 135 W.Va. 90, 103, 62 S.E.2d 681, 24 A.L.R.2d 1234 (1950).[5]

See also State ex rel. Yokum v. Adams, 145 W.Va. 450, 114 S.E.2d 892 (1960); 24B C.J.S. Criminal Law § 1960(5), pages 466–469. Although the West Virginia Supreme Court of Appeals stated that "all such prior convictions must precede the commission of the principal offense," litigation has not come forward to give that tribunal the opportunity to particularize its definition of the word "conviction" in light of this recidivist statute. But cf. State v. Savage, note 4, *supra*.

The question here, whether the sequence of offenses, pleas, and sentencings in the instant case renders invalid the recidivist enhancement based upon the earlier conviction in the Circuit Court of Fayette County, is not resolved by an examination of any individual case as none of the located cases deals with a factual situation equivalent to the one here presented.

■ However, an analysis of the cases dealing with the problems of applying the recidivist statute seems to demonstrate that the major concern of the West Virginia courts is to justify the imposition of additional penalties only

verdict in order to obtain a judgment that is final, so far as the trial court is concerned. (Citations omitted.) A defendant cannot be guilty of a second offense until it has been judicially determined that he has sinned once before. Between a jury's verdict of guilty and the pronouncement of sentence thereon there may, and frequently do, intervene numerous motions of counsel and rulings by the trial court. The verdict may be set aside, upon proper motion, and a new trial awarded, followed by acquittal. There is no finality in the verdict alone. Only when the trial court's approval has been given thereto in the form of a sentence does it become a final conviction sufficient to support the imposition of an additional penalty for a second offense, and it retains its character of finality at least until an appeal is allowed by an appellate court.

For these reasons the indictment should aver not only the conviction, but the sentence based thereon, to show that the proceeding for the first offense has attained a state of finality so far as the trial court has power to control it.

5. In Dye v. Skeen, 135 W.Va. 90, 62 S.E. 2d 681, 24 A.L.R.2d 1234 (1950), however, the facts differed greatly from the facts presented here. The petitioner in a habeas corpus proceeding in the *Dye* case had been sentenced to life imprisonment as a third offender on the basis of two prior convictions found against him on the same day of an earlier term of court. The West Virginia Supreme Court of Appeals held that prior convictions occurring on the same day of court could be considered as only one conviction for the purposes of recidivist proceedings.

when the deterrent purpose of the statute is clearly served.

It would seem that, notwithstanding the definitional confusion surrounding the use of the word "conviction" in the West Virginia recidivist statute and in the case law, one is not judicially deterred from future offenses until he has felt the complete impact of his past offenses. One must perhaps not only witness the determination of his guilt through a guilty plea or jury verdict, but must also experience the punitive consequences of his offense. It is obviously the experience of the cold steel doors of the penitentiary slamming behind him or the inexorable conditions of probation, restricting his movements and actions, that effectively demonstrates the futility of crime. Apparently only when a man has faced the ultimate consequences of an offense should he be additionally penalized later on the basis of that offense. Apparently it is only when he has faced the total, stark consequences that he should have learned his lesson.

It is the opinion of this Court that the application of the recidivist statute in the instant case does not satisfy the policy of the recidivist statute as expressed by the West Virginia Supreme Court of Appeals. Because the deterrent purpose of the statute is not served, the additional penalty of five years imposed upon Petitioner by the Circuit Court of Greenbrier County in reliance upon the prior conviction in the Circuit Court of Fayette County is void.

Since Petitioner is serving a valid sentence of not less than five nor more than eighteen years for the principal offense, W.Va.Code § 61–2–3 (Michie 1966), an order will be entered relieving Petitioner from the invalid additional term of five years and remanding Petitioner to the custody of the Respondent until he has served the valid portion of his sentence. State ex rel. Albright v. Boles, 149 W.Va. 561, 142 S.E. 2d 725 (1965).

Because Petitioner has been granted the relief sought in his application to this Court, it is not necessary to consider the other and additional grounds of attack upon the recidivist part of his sentence.