399 S.E.2d 882

**STATE of West Virginia**

v.

**Raymond HOUSDEN.**

**No. 19644.**

Supreme Court of Appeals of West Virginia.

Nov. 29, 1990.

James B. Rich, III, Martinsburg, for Raymond Housden.

Roger W. Tompkins, Atty. Gen., Joanna Tabit, Asst. Atty. Gen., Charleston, for State of W.Va.

WORKMAN, Justice:

This case is before the Court upon an appeal by Raymond Housden from an April 24, 1989, order entered by the Jefferson County Circuit Court wherein the court sentenced the appellant to life imprisonment on a burglary charge based upon a jury conviction of recidivism pursuant to the West Virginia Habitual Criminal Statute, W.Va.Code §§ 61–11–18 to –19 (1943) (hereinafter referred to as Habitual Criminal Statute). The lower court also sentenced the appellant to an indeterminate term of one to ten years for his grand larceny conviction, and ordered that these sentences run consecutively. The appellant alleges that: 1) It was error for the circuit court to sentence appellant to life imprisonment under the circumstances of this case; and 2) It was error for the circuit court to sentence appellant to life imprisonment on the burglary conviction to run consecutively to a sentence of one to ten years on a conviction of grand larceny. Upon review of the petition, all matters of record, and the briefs submitted by the parties, we find that the circuit court committed no reversible error in this case and accordingly we affirm.

The appellant was arrested and charged with burglary of the home of Bernard Smith on September 4, 1988, and was subsequently indicted on one count of burglary and one count of grand larceny. A trial on the charges in the indictment took place on December 20, 1988, with the jury returning a verdict finding the appellant guilty of burglary and grand larceny.

The prosecuting attorney then proceeded to file a recidivist information charging the appellant as an habitual criminal. The underlying felonies which served as the basis for the information included: a) a 1957 sodomy conviction; b) a 1968 breaking and entering conviction; c) a 1982 grand larceny conviction; and d) the 1988 convictions for burglary and grand larceny.[1]

---

1. While the state included both of the 1988 convictions in the information filed to initiate the recidivist proceeding, it is clear from the record that the lower court used only the 1988 conviction for burglary for enhancement purposes pursuant to the Habitual Criminal Statute. This is evident from the lower court's pro-

nouncement of the appellant's sentence which appears in pertinent part as follows:

> The Court: Mr. Housden, the regular sentence for the crime of burglary of which you have been convicted is a term of one to fifteen years in the penitentiary house of this State. However, you have twice before been convict-

A trial was held, and the jury determined that the appellant was the individual convicted of the above-mentioned 1968, 1982 and 1988 felonies. The court, however, directed a verdict for the defendant with respect to the 1957 sodomy conviction since the state offered no evidence identifying the appellant as the same person who committed the 1957 offense. After denying the appellant's motion for a new trial, the trial court sentenced the appellant to life imprisonment based upon the recidivist statute and to an indeterminate term of one to ten years for the grand larceny conviction, with both sentences to run consecutively.

## I.

The first issue before the Court is whether the lower court erred in sentencing the appellant to life imprisonment under the circumstances of this case. The appellant contends that the life sentence imposed by the lower court is unconstitutionally excessive and violates the proportionality doctrine. In support of that contention, appellant argues that since this Court has placed the greatest emphasis on the third felony conviction in determining whether a life sentence is proportionate, that the lower court should have considered certain circumstances surrounding the facts giving rise to the burglary conviction. The appellant contends that the record reflects that he took steps to ensure that there was no confrontation between himself and the victim when the burglary was committed in that he knew the victim was in the hospital, and thus only a nonviolent property offense occurred. The state, on the other hand, contends that the appellant's life recidivist

sentence did not violate the proportionality doctrine since each of the underlying felonies which formed the basis for the life recidivist sentence involved the potential for violence. The state further argues that despite the fact that the appellant claims he believed the victim was in the hospital when the 1988 burglary occurred, the appellant could have been surprised either by the return of the victim or by the victim's son who was regularly checking the house for his father and violence could have resulted.[2]

▋ In *State v. Vance*, 164 W.Va. 216, 262 S.E.2d 423 (1980) this Court addressed the issue of whether a defendant's sentence to life imprisonment imposed under the Habitual Criminal Statute after a third felony conviction for breaking and entering constituted cruel and unusual punishment. We held that "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" *Id.*, 164 W.Va. at 231–32, 262 S.E.2d at 432 and Syl. Pt. 8.[3] In determining whether the defendant's sentence in that case was unconstitutional, we "decline[d] to apply the proportionality doctrine ... since we believe[d] [that] the crime of breaking and entering carrie[d] the potentiality of violence and danger to life as well as to property." *Id.*, 164 W.Va. at 233, 262 S.E.2d at 432; *but see Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981) (imposition of life recidivist sentence violated the

ed of a crime punishable by imprisonment in the penitentiary. Pursuant to West Virginia Code 61–11–18, you are now to be sentenced to imprisonment for the balance of your life-time....

With regard to your conviction of grand larceny, it is the sentence of the law and the judgment of this Court that you be confined in the penitentiary house of this State for an indeterminate term of from one to ten years there to be dealt with in accordance with the law.... That sentence will run consecutively with your life sentence.

2. The state further supports its argument that burglary always carries with it a potential for violence by citing two decisions by this Court involving crimes which began as burglaries and ended in murder. *See, e.g., State v. Tesack*, 181 W.Va. 422, 383 S.E.2d 54 (1989); *State v. Sims*, 162 W.Va. 212, 248 S.E.2d 834 (1978).

3. Article III, Section 5 of the West Virginia Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence...."

constitutional proportionality principle where last felony committed was forgery of a $43.00 check, a nonviolent crime, and defendant's previous convictions were for driving a motor vehicle without a license, arson of a barn, and forgery of a $18.62 check). We have previously set out specific guidelines for analyzing a life recidivist sentence under the proportionality doctrine. In *Wanstreet* we stated that such a punishment "must be viewed from two distinct vantage points: first, the nature of the third offense and, second, the nature of the other convictions that support the recidivist sentence." 166 W.Va. at 533, 276 S.E.2d at 212. Further we indicated that "for purposes of proportionality, the third felony is entitled to more scrutiny than the preceding felony convictions since it provides that ultimate nexus to the sentence." *Id.,* 166 W.Va. at 534, 276 S.E.2d at 212. Finally, in syllabus point 7 of *State v. Beck,* 167 W.Va. 830, 286 S.E.2d 234 (1981) we held that:

> The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.

Therefore, in applying the principles established by this Court for use in evaluating whether a life recidivist sentence violates the proportionality doctrine, the first conviction which must be analyzed is the most recent one, the 1988 burglary[4] conviction.

In *Griffin v. Warden, West Virginia State Penitentiary,* 517 F.2d 756 (4th Cir.), *cert. denied,* 423 U.S. 990, 96 S.Ct. 402, 46 L.Ed.2d 308 (1975), the court examined the issue of whether a life sentence under the recidivist statute was unconstitutionally disproportionate where the basis for the sentence was a conviction for grand larceny, and where the underlying convictions were for breaking and entering and burglary. 517 F.2d at 757. Of most importance was the court's recognition that "[t]hese [referring to the breaking and entering and the burglary of the residence] and grand larceny are serious offenses that clearly involve the potentiality of violence and danger to life as well as property." *Id.*

■ Consequently, even though the appellant asserts that he ascertained that the victim was not present before he burglarized his home and took some $6,000.00 in personal property, that did not render the crime one which could be classified as nonviolent in nature. The potential for threatened harm or violence to either the victim, had he returned home at the time the crime was committed or to another innocent person such as the victim's son, who testified that he was regularly checking on the home for his father, still existed at the time the appellant committed the crime. Further, as to the underlying offenses involved in this case, we have already upheld the imposition of a life sentence under the recidivist statute in cases where the underlying felonies were grand larceny and breaking and entering. *See State v. Oxier,* 179 W.Va. 431, 369 S.E.2d 866 (1988) (imposition of a life sentence upheld where defendant's most recent conviction was for breaking and entering and the underlying felonies consisted of two breaking and entering convictions and a grand larceny con-

---

4. West Virginia Code § 61-3-11 (1973) defines burglary, in pertinent part, as follows:
   (a) Burglary shall be a felony and any person convicted thereof shall be confined in the penitentiary not less than one nor more than fifteen years. If any person shall, in the nighttime, break and enter, or enter without breaking, or shall, in the daytime, break and enter, the dwelling house, or an outhouse adjoining thereto or occupied therewith, of another, with intent to commit a felony or any larceny therein, he shall be deemed guilty of burglary.
   The facts at trial established that the crime was committed during the day.

viction); *see also Vance,* 164 W.Va. at 223–225, 262 S.E.2d at 428.

Therefore, we hold that the appellant's most recent convictions for burglary and grand larceny were crimes that by their very nature involved the threat of harm or violence to innocent persons. Thus, the lower court's imposition of a life sentence pursuant to the Habitual Criminal Statute did not violate the proportionality doctrine nor did it constitute cruel and unusual punishment as prohibited by the West Virginia Constitution and the United States Constitution.

## II.

■ The next issue raised before this Court involves the appellant's assertion that his convictions of the 1988 two count indictment of burglary and grand larceny were not finalized by the pronouncement of sentence at the time of the institution of the recidivist proceeding. In contrast, the state asserts that neither of the 1988 convictions need be finalized by the pronouncement of judgment of sentence at the time the recidivist proceedings are instituted because they are not *former* convictions triggering the application of W.Va.Code § 61–11–18 (1943).

West Virginia Code § 61–11–18 in pertinent part provides that "[w]hen it is determined ... that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced in the penitentiary for life." In *Moore v. Coiner,* 303 F.Supp. 185 (N.D.W.Va.1969), the district court examined the issue of whether it was proper for the court to impose a five-year sentence enhancement pursuant to the recidivist statute. In *Moore,* the accused entered a plea of guilty to the first offense of breaking and entering but had not been sentenced for that offense at the time of the commission of the second offense of second degree murder. The accused was subsequently sentenced on the first offense of breaking and entering conviction prior to the commencement of the proceedings surrounding the second offense of second degree murder. *Id.* at 187–88. The district court found that

the utilization of the first conviction as a basis for the application of the recidivist statute did "not satisfy the policy of the recidivist statute as expressed by the West Virginia Supreme Court of Appeals." *Id.* at 191.

In striking down the imposition of the additional sentence pursuant to the recidivist statute the court reasoned that

> offenses committed simultaneously, or approximately so, with the principal offense ... or subsequent to the commission of the principal offense ... clearly cannot be relied upon for the purpose of treating a defendant as a recidivist, even though the convictions for concurrent or subsequent offenses may have been obtained prior to the conviction for the principal offense. Such an application of the recidivist statute would not serve the deterrent purpose of the statute. Convictions found on the same day of court, regardless of when the offenses were committed, must be considered as a single offense for the purpose of applying the recidivist statute.

*Id.* at 188–89 (citations and footnotes omitted). The district court went on to state that

> [t]he West Virginia Supreme Court of Appeals has also found, for recidivist purposes, that a *former* conviction must be finalized by the entry of a judgment of sentence, at least by the time of institution of the recidivist proceeding, before it can be relied upon to enhance the principal offense sentence.

*Id.* at 189 (emphasis added); *see State ex rel. Yokum v. Adams,* 145 W.Va. 450, 452, 114 S.E.2d 892, 895 (1960); Syl. Pt. 3, *State ex rel. Medley v. Skeen,* 138 W.Va. 409, 76 S.E.2d 146 (1953).

In applying these principles to the present case it becomes clear the judgment of sentence which must be finalized prior to the institution of the recidivist statute is the underlying or former convictions which in this case consisted of the 1968 conviction for breaking and entering[5] and the 1982 conviction for grand larceny. The record

5. The appellant contends that the 1968 conviction was not a final judgment and was improp-

reflects that both of these convictions had been finalized by the entry of a judgment of sentence and therefore were properly utilized in the recidivist proceeding. There is no requirement that the final offense, in this case the burglary, has to be finalized by the entry of a judgment order before the state can initiate action under the Habitual Criminal Statute.

### III.

Finally, regarding appellant's contention that the lower court erred in imposing consecutive sentences upon the appellant, while we have not directly addressed this issue, we have implicitly upheld such a consecutive imposition of sentence. *See generally, State ex rel. Blake v. Chafin,* 183 W.Va. 269, 395 S.E.2d 513 (1990). Further, in syllabus point 2 of *Hutchinson v. Dietrich,* 183 W.Va. 25, 393 S.E.2d 663 (1990) we specifically held that "[m]ultiple convictions rendered on the same day should be treated as a single conviction for the purposes of the habitual criminal statute, *W.Va.Code,* 61–11–19, and multiple sentences can be enhanced under the habitual criminal statute only once where the sentences are imposed for convictions rendered on the same day."

In the *Hutchinson* case, this Court was faced with a situation in which the defendant was convicted on the same day of delivery of marijuana of less than fifteen grams without remuneration and delivery of cocaine. At sentencing, the lower court sentenced the defendant to two consecutive terms in the penitentiary for delivery of controlled substances. The first sentence, pertaining to the marijuana conviction, was enhanced from one to ten years to one to fifteen years because of a previous conviction for grand larceny. In addition, the lower court enhanced the one to ten year sentence for delivery of cocaine using the same grand larceny conviction as the basis therefor. 183 W.Va. at 26, 393 S.E.2d at 664. This Court held that under these circumstances only one of the convictions

which were rendered on the same day could properly be enhanced under the recidivist statute. *Id.* at 666.

Moreover, W.Va.Code § 61–11–21 (1931) specifically provides that:

When any person is convicted of two or more offenses, before sentence is pronounced for either, the confinement to which he may be sentenced upon the second, or any subsequent conviction, shall commence at the termination of the previous term or terms of confinement, unless, in the discretion of the trial court, the second or any subsequent conviction is ordered by the court to run concurrently with the first term of imprisonment imposed.

This Court has interpreted this statutory provision as meaning that unless the lower court specifically states that two or more sentences should run concurrently, then there is a presumption that the sentences run consecutively. *See State ex rel. Cobb v. Boles,* 149 W.Va. 365, 368, 141 S.E.2d 59, 61 (1965).

The facts in the present case reflect that only the appellant's conviction for burglary was enhanced pursuant to the recidivist statute. We find no reason to restrict a sentencing judge's discretion in imposing sentences which are to run consecutively on the basis that one of those sentences was enhanced to life imprisonment under the recidivist statute. Thus, we hold that a trial judge may impose sentences which run consecutively for multiple convictions rendered on the same day in which one of the convictions is subject to enhancement pursuant to W.Va.Code § 61–11–19.

Based upon the foregoing opinion, the judgment of the Circuit Court of Jefferson County is hereby affirmed.

Affirmed.

erly used to support a recidivist life sentence. A review of this Court's decision in *Housden v. Leverette,* 161 W.Va. 324, 241 S.E.2d 810 (1978) clearly shows that the 1968 conviction was not challenged. Specifically, we stated that "[t]he validity of petitioner's 1968 breaking and entering conviction ... [is] not challenged in this proceeding. Consequently, the Circuit Court of Jefferson County had authority to validly impose a sentence of one-to-ten years for the crime of breaking and entering...." *Id.,* 161 W.Va. at 328, 241 S.E.2d at 813.