# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ross Jenkins,**
**Petitioner Below, Petitioner**

**FILED**

June 26, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-1068** (Marion County 14-C-26)

**Marvin C. Plumley, Warden, Huttonsville Correctional Center**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ross Jenkins, appearing *pro se*, appeals two orders of the Circuit Court of Marion County. In the first order, entered on September 8, 2014, the circuit court denied petitioner's petition for writ of habeas corpus because the grounds therein were previously and finally adjudicated. In the second order, entered on September 24, 2014, the circuit court denied petitioner's motion to alter or amend judgment. Respondent Marvin C. Plumley, Warden, Huttonsville Correctional Center, by counsel David A. Stackpole, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 1995, petitioner was indicted on one count of burglary without breaking and entering, in violation of West Virginia Code § 61-3-11(a), and two counts of second-degree sexual assault, in violation of West Virginia Code § 61-8B-4. Petitioner's jury trial concluded on November 8, 1995, with convictions on all three counts. In December of 1995, the State filed an information pursuant to the recidivist statute, West Virginia Code §§ 61-11-18 and -19. A subsequent jury determined that petitioner had been convicted of two prior felonies.[1]

On February 16, 1996, the circuit court held a sentencing hearing. Initially, the circuit court sentenced petitioner to a term of incarceration of one to fifteen years on one count of burglary and ten to twenty-five years of incarceration on each count of second-degree sexual assault with the sentences to run consecutively. After ordering petitioner's initial sentence, the circuit court modified the sentence to a single life sentence based on its understanding of the "applicable provisions" of the recidivist statute. Consequently, the State moved to withdraw the recidivist

---

[1] The record is silent as to petitioner's prior criminal convictions.

1

information and the circuit court granted the motion. The circuit court reinstated its original sentence, which amounted to an aggregate term of twenty-one to sixty-five years in prison.

On November 21, 2012, petitioner filed a *pro se* motion for correction of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure arguing that it was inappropriate to allow the State to withdraw the recidivist information and that he should receive a single life sentence. Petitioner was appointed counsel, and the circuit court held a hearing on petitioner's motion on October 23, 2013. The parties agreed that the State should not have been permitted to withdraw its recidivist information during the original sentencing hearing in 1996. The circuit court found that petitioner's original sentence was illegal and petitioner was "entitled to a correction[.]" However, the circuit court explained to petitioner that the consequences of the court granting his motion would include the possibility of his receiving an increased sentence. After explaining petitioner's new sentencing options, the circuit court asked petitioner if he wanted to withdraw his motion for correction of sentence, in which case petitioner would become eligible for parole after twenty-one years in prison, or if he wanted to have his sentence corrected, in which petitioner would become eligible for parole after twenty-six years in prison. Petitioner responded that he would "take" the corrected sentence which had the twenty-six year minimum term.[2] Accordingly, the circuit court granted petitioner's motion for correction of sentence.

The circuit court instructed the assistant prosecutor to prepare the necessary order and specifically directed her to calculate petitioner's credit for time served to include "the time that he's served to this point" so that it was clear to the Division of Corrections ("DOC") that "these aren't new sentences." On December 9, 2013, the circuit court entered its amended order sentencing petitioner to a term of incarceration of one to fifteen years for one count of burglary, a term of incarceration of ten to twenty-five years for one count of second-degree sexual assault, and a recidivist life sentence—with the possibility of parole after fifteen years—on the second count of second-degree sexual assault with the sentences to run consecutively. As a result of the amended sentencing order, petitioner's parole eligibility date was modified from August 27, 2016, to August 27, 2021. The amended order also gave petitioner 6,632 days of credit for time served.

Petitioner appealed the amended sentencing order in *State v. Jenkins*, No. 13-1284, 2014 WL 5328684 (W.Va. Supreme Court, October 20, 2014) (memorandum decision) ("*Jenkins I*"), arguing that the circuit court erred in granting his Rule 35(a) motion because it violated principles of double jeopardy by increasing his sentence. *Id.* at *2. This Court rejected the contention that double jeopardy principles were violated. *Id.* First, the Court noted that petitioner's original sentence of twenty-one to sixty-five years in prison was illegal because the circuit court improperly allowed the State to withdraw the recidivist information after petitioner was convicted under it. *Id.*[3] Second, this Court recognized that the sentencing court's impression that the

---

[2] While requiring petitioner to serve an additional five years to become eligible for parole, the corrected sentence also reduced his maximum prison term (sixty-five years) by twenty-five years, resulting in a maximum term of forty years of incarceration.

[3] *See* W.V.R.Crim.P. 35(a) ("The court may correct an illegal sentence at any time[.]"); *See also State ex rel. Hill v. Parsons*, 194 W.Va. 688, 691, 461 S.E.2d 194, 197 (1995) (there is a

recidivist statute required the imposition of a single life sentence was erroneous and reiterated its holding from Syllabus Point 3 of *State v. Housden*, 184 W.Va. 171, 399 S.E.2d 882 (1990), that "[a] trial judge may impose sentences which run consecutively for multiple convictions rendered on the same day in which one of the convictions is subject to enhancement pursuant to W. Va. Code § 61-11-19[.]" *Id.* (quoting 184 W.Va. at 172, 399 S.E.2d at 883). Because it was permissible for the circuit court to impose consecutive sentences while enhancing petitioner's second sexual assault conviction to a recidivist life sentence, this Court affirmed petitioner's corrected sentence. *Id.* at *2-3.

On September 8, 2014, petitioner filed a petition for writ of habeas corpus asserting, in pertinent part, two interrelated arguments.[4] First, petitioner argued that his counsel was ineffective by not advocating forcefully enough that petitioner should be sentenced to a single life term. Second, petitioner averred that because he was not given a single life term, his corrected sentence violated double jeopardy principles. The circuit court denied the petition on September 12, 2014, finding that the claims asserted therein were previously and finally adjudicated in prior proceedings. Petitioner, disputing the circuit court's finding that his claims were previously and finally adjudicated, filed a motion to alter or amend judgment. The circuit court denied the motion on September 24, 2014.

Petitioner now appeals the circuit court's September 12, 2014, and September 24, 2014, orders. In habeas cases, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).[5] In addition, the doctrine of res judicata bars a habeas petitioner from re-raising claims which have been "fully and finally litigated and decided" in a previous proceeding. Syl. Pt. 2, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606, 608 (1981).

---

distinction between an illegal sentence, which is void *ab initio*, and a sentence that is merely voidable).

[4] Petitioner raised a third interrelated argument in his habeas petition, but states that he abandoned that argument in his motion to alter or amend judgment.

[5] Petitioner filed his motion to alter or amend judgment within the ten-day time frame set out in Rule 59(e) of the West Virginia Rules of Civil Procedure; therefore, this Court will consider the denial of that motion together with the denial of the habeas petition. *See* Syl. Pt. 1, *Wickland v. American Travellers Life Insurance Co.*, 204 W.Va. 430, 431, 513 S.E.2d 657, 658 (1998).

On appeal, petitioner contends that the circuit court erroneously found that his instant claims were previously and finally adjudicated because the court referenced habeas petitions (filed in 1998 and 2012) that did not address his original sentence which was illegal. Respondent warden counters that in the prior proceeding addressing petitioner's motion for correction of sentence, the circuit court rejected the claim that petitioner should be sentenced to a single life term in a decision that was affirmed in *Jenkins I*. We agree with respondent warden that petitioner's double jeopardy claim was finally adjudicated in the prior proceeding, ultimately, affirmed in our memorandum decision in *Jenkins I*, which constituted a ruling on the merits. *See* W.V.R.A.P. 21(a).[6]

Petitioner attempts to avoid the application of the doctrine of res judicata by alleging that, in his view, the circuit court's amended sentencing order requires him to re-serve his one to fifteen year sentence for burglary. We find that the circuit court foresaw this potential problem at the hearing on petitioner's motion for correction of sentence and addressed it in the amended order. The circuit court found that it needed to make clear to the DOC that "these aren't new sentences," and specifically instructed the assistant prosecutor, in drafting the order, to calculate petitioner's credit for time served to include "the time that he's served to this point." The amended order credited petitioner with 6,632 days of incarceration which, according to our calculation, amounted to over eighteen years of credit for time served. Therefore, we determine that the amended sentencing order does not require petitioner to re-serve his burglary sentence, and, we conclude that the circuit court did not abuse its discretion in denying petitioner's habeas petition because the doctrine of res judicata barred the claims advanced therein.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 26, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6] We find that petitioner's ineffective assistance of counsel claim is wholly derivative of his claim that double jeopardy was violated when the circuit court refused to resentence him to a single life term. Consequently, having found that the double jeopardy claim lacked merit in *Jenkins I*, we determine that petitioner's ineffective assistance claim also fails. In addition, from our review of the transcript of the October 23, 2013, hearing on petitioner's motion for correction of sentence, we agree with respondent warden that counsel repeatedly argued to the circuit court that petitioner should be given a single life sentence.

4