# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-1199** (Hampshire County 16-F-57)

**Johnnie Franklin Wills,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Johnnie Franklin Wills, by counsel Jonie E. Nelson, appeals the Circuit Court of Hampshire County's December 7, 2016, order sentencing him as a recidivist to life imprisonment with mercy following his grand larceny conviction. Petitioner was also sentenced to an indeterminate term of not less than one year nor more than five years of incarceration for his conspiracy to commit grand larceny conviction, which was ordered to run concurrently with his life sentence. The State of West Virginia, by counsel Benjamin F. Yancey III, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court's imposition of a life sentence is unconstitutionally disproportionate to his crimes.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 3, 2016, petitioner was indicted on one felony count each of burglary, conspiracy to commit burglary, grand larceny, and conspiracy to commit grand larceny, and one misdemeanor count of destruction of property.[1] Petitioner proceeded to trial on these charges on August 24, 2016. A jury found petitioner guilty of grand larceny and conspiracy to commit grand larceny, but he was acquitted of the other charges.

Following the jury's verdict, the State filed a "Recidivist Information" detailing petitioner's prior felony convictions. Specifically, in addition to his grand larceny and conspiracy to commit grand larceny felonies, petitioner was convicted on October 28, 2013, of the felony

---

[1]These charges stemmed from an incident during which petitioner and a codefendant entered onto another individual's property without permission. Petitioner claimed that while he was looking for a spare car part, his codefendant burgled the individual's home. Petitioner's codefendant was charged with the same crimes as petitioner, pled guilty to all of them, and testified against petitioner at petitioner's trial.

offense of third-offense driving on a license revoked for driving under the influence ("DUI").[2] On April 18, 2011, petitioner was convicted of the felony offense of attempted grand larceny. On January 24, 2007, petitioner was convicted of the felony offense of third offense DUI.[3] On March 6, 2006, petitioner was convicted of the felony offense of being a felon in possession of a firearm. Again, on June 6, 2006, petitioner was convicted of the felony offense of being a felon in possession of a firearm. On April 22, 2002, petitioner was convicted of three separate felonies that arose from separate incidents: one third offense DUI conviction and two driving while on a license revoked for DUI, third offense, convictions. Due to these prior felony convictions, the State requested that petitioner be sentenced to life in prison for his most recent grand larceny conviction.

On October 21, 2016, the circuit court held a hearing on the "Recidivist Information." Petitioner admitted that he was the same person convicted of the crimes listed above. On November 10, 2016, due to petitioner's prior felony convictions, the circuit court sentenced petitioner to life imprisonment with parole eligibility after fifteen years for his grand larceny conviction. Petitioner was also sentenced to an indeterminate term of not less than one year nor more than five years of incarceration for his conspiracy to commit grand larceny conviction. This sentence was ordered to run concurrently with his life sentence. The circuit court entered its "Sentencing Order" memorializing petitioner's sentence on December 7, 2016. It is from this order that petitioner appeals.

On appeal, petitioner argues that his recidivist life sentence is disproportionate to his crimes. Petitioner argues that the triggering offenses of grand larceny and conspiracy to commit grand larceny were nonviolent offenses. Although he was originally charged with burglary and his codefendant pled guilty to burglary, petitioner states that he did not break into the home from which the goods were stolen and that he "was at another area of the property looking for a piece of pipe to fix his muffler." Petitioner recognizes that "a propensity for violence may have existed" while petitioner's codefendant burgled the home, but states that "no violence occurred." Petitioner also argues that he "does not have a conviction for actual crimes of violence." Petitioner urges this Court to give "minimal weight" to his felony DUI convictions because of the age of some of his convictions. In sum, petitioner argues that his criminal record "only involves convictions that demonstrate a propensity for violence."[4]

The portion of our recidivist statute applicable to petitioner's case provides that "[w]hen it is determined . . . that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life." W.Va. Code § 61-11-18(c). This Court has previously stated that the primary purpose of this statute "is to deter felony offenders, meaning

---

[2]At this same time, petitioner was also convicted of the misdemeanor offenses second-offense DUI, domestic battery, and escaping while in custody.

[3]Petitioner was also then convicted of the misdemeanor offense of driving on a suspended license. These convictions were obtained in Virginia.

[4]Petitioner also admits to "numerous misdemeanors that involve crimes of violence[.]"

2

persons who have been convicted and sentenced previously on a penitentiary offense, from committing subsequent felony offenses." Syl. Pt. 3, in part, *State ex rel. Appleby v. Recht*, 213 W.Va. 503, 583 S.E.2d 800 (2002) (citation omitted). Further, "West Virginia Code § 61-11-18 is designed to deter those who are incapable of conforming their conduct to legitimately enacted obligations protecting society[,]" and we have noted that "[s]tates have a valid interest in deterring and segregating habitual criminals[.]" *Appleby*, 213 W.Va. at 517, 583 S.E.2d at 814 (citations omitted).

Nonetheless, sentences imposed may not run afoul of Article III, § 5 of the West Virginia Constitution, which provides, in relevant part, that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offense." We have held that "a criminal sentence may be so long as to violate the proportionality principle implicit in the cruel and unusual punishment clause of the Eight Amendment of the United States Constitution and Article III, § 5 of the West Virginia Constitution." *State v. Davis*, 189 W.Va. 59, 61, 427 S.E.2d 754, 756 (1993) (citations omitted). Therefore, we utilize the following framework to determine whether a life sentence imposed pursuant to our recidivist statute violates the proportionality principle:

> We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the recidivist statute.

Syl. Pt. 7, in part, *State v. Beck*, 167 W.Va. 830, 286 S.E.2d 234 (1981). "[A]lthough sole emphasis cannot be placed on the character of the final felony, it is entitled to closer scrutiny than the other convictions, 'since it provides the ultimate nexus to the sentence.'" *State v. Miller*, 184 W.Va. 462, 465, 400 S.E.2d 897, 900 (1990) (citations omitted). We also "generally require that the nature of the prior felonies be closely examined. While not exclusive, the propensity for violence is an important factor to be considered before applying the recidivist statute." *Id.*

Applying these pronouncements to petitioner's case, we do not find that petitioner's life sentence violates the proportionality principle. We begin by noting petitioner's ten prior felony convictions and that the purpose of our recidivist statute is to "deter those who are incapable of conforming their conduct to legitimately enacted obligations protecting society." *Appleby*, 213 W.Va. at 517, 583 S.E.2d at 814. In other words, the recidivist statute was designed to deter and put a stop to habitual criminals.

In analyzing petitioner's specific convictions, and looking first to his triggering offense of grand larceny, we note that while petitioner was not convicted of burglary, his codefendant pled guilty to that charge. Petitioner acknowledges that his codefendant burgled the victim's home while he was at a different spot on the victim's property and that "a propensity for violence may have existed." We have previously held that "burglary and grand larceny [are] crimes that by their very nature involve[] the threat of harm or violence to innocent persons[,]" where the defendant burgled a home and took approximately $6,000 in personal property. *State v. Housden*,

184 W.Va. 171, 175, 399 S.E.2d 882, 886 (1990). Petitioner admits to being on the victim's property while his codefendant burgled the victim's home; thus, the potential for harm or violence, had the property owner returned home, existed. *See id.* at 174, 399 S.E.2d at 885 ("The potential for threatened harm or violence to either the victim, had he returned home at the time the crime was committed or to another innocent person such as the victim's son, who testified that he was regularly checking on the home for his father, still existed at the time the appellant committed the crime.")

However, even if we ignore the fact that petitioner was present during the burglary his codefendant was convicted of committing and accept petitioner's contention that his grand larceny neither threatened nor actually involved violence, we have also held that "sole emphasis cannot be placed on the character of the final felony" and that prior felonies must be "closely examined."[5] In so doing, we note that petitioner, having twice been convicted of third offense DUI, has had no less than six DUI convictions. We have previously stated that "[t]he dangers inherent in driving on the public streets while under the influence of an intoxicant are obvious." *State ex rel. Appleby v. Recht*, 213 W.Va. 503, 516, 583 S.E.2d 800, 813 (2002) (citation omitted). "[O]perating an automobile while under the influence is reckless conduct that places the citizens of this State at great risk of serious physical harm or death." *Id.* (internal quotations and citation omitted). Accordingly, we have had "little trouble in finding that driving under the influence is a crime of violence supporting imposition of a recidivist sentence." *Id.* Thus, given petitioner's numerous prior crimes, including these crimes of violence, we find no error in the imposition of a recidivist sentence.

For the foregoing reasons, the circuit court's December 7, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:** November 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[5]We also reiterate that, while the propensity for violence is an important factor to consider in applying the recidivist statute, it is not the exclusive factor. *Miller*, 184 W.Va. at 465, 400 S.E.2d at 900.