# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia**
**Plaintiff Below, Respondent**

**vs.) No. 19- 0026** (Marion County CC-24-1995-F-5)

**Ross Jenkins**
**Defendant Below, Petitioner**

**FILED**
**June 18, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Ross Jenkins, by counsel Brent Cameron, appeals the Circuit Court of Marion County's December 21, 2018, order resentencing petitioner for his convictions on one count of burglary and two counts of second-degree sexual assault, in addition to his designation as a habitual offender. Respondent State of West Virginia, by counsel Lara K. Bissett, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 4, 1995, following a jury trial, petitioner was convicted of one count of burglary and two counts of second-degree sexual assault. Thereafter, on November 8, 1995, petitioner was found by the jury to be a habitual offender, pursuant to the West Virginia Habitual Offender Act, West Virginia Code §§ 61-11-18 and -19 ("recidivist statute"). At a February 16, 1996, sentencing hearing, respondent asked the circuit court to enhance petitioner's convictions under the recidivist statute and impose three consecutive life sentences against petitioner, one for each of his October 4, 1995, convictions. Petitioner's counsel objected and asked the court to sentence petitioner on each of his individual convictions - not as a recidivist.

Initially, the circuit court sentenced petitioner to a term of incarceration of one to fifteen years for his conviction of one count of burglary and ten to twenty-five years of incarceration on each of his two convictions of second-degree sexual assault, with the sentences to run consecutively ("initial sentence"). However, after imposing petitioner's initial sentence, the circuit court, during the same sentencing hearing, modified petitioner's sentence to a single life sentence

1

based on the court's then-existing misunderstanding of the recidivist statute ("first recidivist sentence").

Consequently, believing that if petitioner were sentenced under the circuit court's first recidivist sentence petitioner would become parole eligible in fifteen years, respondent moved to withdraw the recidivist information previously filed against petitioner and asked the court to sentence petitioner to the initial sentence. Petitioner did not object. The court granted respondent's motion and reinstated its initial sentence against petitioner, which amounted to an aggregate term of twenty-one to sixty-five years in prison.

Eighteen years later, on November 19, 2012, petitioner, then a self-represented litigant, filed a motion for correction of sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure. In his motion, petitioner argued that because the jury had "spoken" on the recidivist information the circuit court was bound by law to impose a life sentence on petitioner and that the court erred in permitting respondent to withdraw the recidivist information. Petitioner asked for the court to resentence him to a single term of imprisonment of life with mercy, as the court proposed in its first recidivist sentence. Petitioner was appointed counsel, and a hearing was held on his motion for correction of sentence on October 23, 2013.[1] At the hearing, the circuit court agreed with petitioner that his initial sentence was illegal and that petitioner was "entitled to a correction " but disagreed that petitioner's sentence should be a single life sentence for each of his three October 4, 1995, convictions.

The circuit court explained that the consequences of granting his motion for correction of sentence could include the possibility of an increased sentence. After explaining petitioner's new sentencing options, the circuit court asked petitioner if he wanted to withdraw his motion for correction of sentence, in which case petitioner would become eligible for parole after twenty-one years in prison, or if he wanted to have his sentence corrected, in which case petitioner would become eligible for parole after twenty-six years in prison.[2] Petitioner responded that he would "take" the corrected sentence, which had the twenty-six year minimum term.

On December 9, 2013, the circuit court entered its amended order sentencing petitioner to a term of incarceration of one to fifteen years for one count of burglary; a term of incarceration of ten to twenty-five years for one count of second-degree sexual assault; and a recidivist life sentence, with the possibility of parole after fifteen years, on the second count of second-degree sexual assault, with the sentences to run consecutively. As a result of the amended sentencing order, petitioner's parole eligibility date was modified from August 27, 2016, to August 27, 2021.

---

[1] Petitioner argues that after introductions, his counsel remained silent, and petitioner directly responded to each of the court's questions without assistance from his counsel.

[2] The parties agree that during the October 23, 2013, hearing the circuit court "errantly termed" petitioner's possible sentences as an either/or situation: either petitioner would serve a sentence on his three underlying charges only (twenty-one to sixty-five years) or petitioner would serve a "twenty-six to forty year term." The parties agree that the court misspoke, as the alternate term (twenty-six to forty years) was actually a sentence of twenty-six years to life.

Thereafter, petitioner appealed the December 9, 2013, amended sentencing order to this Court, arguing that the circuit court erred in granting his Rule 35(a) motion because it violated the principles of double jeopardy by increasing petitioner's sentence. We rejected the contention that double jeopardy principles were violated and concluded that it was permissible for the circuit court to impose consecutive sentences while enhancing petitioner's second sexual assault conviction to a recidivist life sentence.[3] *See State v. Jenkins,* No. 13-1284, 2014 WL 5328684 (W. Va. Oct. 20, 2014) (memorandum decision) ("*Jenkins I* ").

On September 8, 2014, petitioner filed, in the Circuit Court of Marion County, a petition for writ of habeas corpus asserting, in pertinent part, two interrelated arguments. First, petitioner argued that his counsel was ineffective by not advocating forcefully enough during the February 16, 1996, initial sentencing hearing that petitioner should be sentenced to a single life term. Second, petitioner averred that because he was not given a single life term, his corrected sentence violated double jeopardy principles. The circuit court denied petitioner's habeas petition on September 12, 2014, finding that the claims asserted therein were previously and finally adjudicated in prior proceedings. Petitioner then filed a motion to alter or amend judgment in circuit court, which was denied by order entered on September 24, 2014. Petitioner appealed the circuit court's September 12, 2014, and September 24, 2014, orders to this Court, where the same were affirmed. *See Jenkins v. Marvin C. Plumley,* No. 14-1068, 2015 WL 3952679 (W. Va. June 26, 2015) (memorandum decision) ("*Jenkins II* ").

Petitioner then filed, in the United States District Court for the Northern District of West Virginia ("USDC"), a petition for writ of habeas corpus again raising the double jeopardy issue and arguing that he "suffered ineffective assistance of counsel at his resentencing."[4] By order entered on March 23, 2017, the federal court denied petitioner relief on his double jeopardy claim[5] but found that petitioner's attorney at the resentencing hearing "failed to appropriately counsel him on his misunderstanding of the recidivist statute." The federal court further determined that there was a "reasonable probability that with proper representation" petitioner "would have received a different sentence."

On September 5, 2018, petitioner filed, in the Circuit Court of Marion County, a motion to reinstate the original sentence, asking the court to reinstate his original proposed sentence – a single life sentence on all three counts. The circuit court held a hearing on that motion on December 10, 2018. On December 21, 2018, the circuit court entered its order denying petitioner his requested relief and imposing the "corrected" sentence of a term of incarceration of one to fifteen years for one count of burglary; a term of incarceration of ten to twenty-five years for one count of second-degree sexual assault; and a recidivist life sentence on the second count of second-degree

---

[3] *See* Syl. Pt. 3, *State v. Housden,* 184 W. Va. 171, 399 S.E.2d 882 (1990).

[4] *Jenkins v. Plumley*, Civil Action No. 5:15cv159 (Honorable Frederick P. Stamp, Jr.).

[5] Specifically, the federal court found that petitioner's double jeopardy rights were not violated by the circuit court's correction of petitioner's illegal sentence and concluded that because the sentence was illegal, petitioner did not have a legitimate expectation of finality in his sentence.

sexual assault with the sentences to run consecutively. Petitioner was given appropriate credit for time served to date.  It is from the circuit court's December 21, 2018, resentencing order that petitioner now appeals.

> "'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syllabus point 1, *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009).

Syl. Pt. 1, *State v. Kilmer*, 240 W. Va. 185, 808 S.E.2d 867 (2017).

On appeal, petitioner asserts two assignments of error, which we will address in turn. In his first assignment of error, petitioner contends that the circuit court abused its discretion in refusing to reinstate petitioner's initial sentence. Without providing legal authority in support of his argument and while acknowledging that "courts have an obligation to correct illegal sentences," petitioner argues that his initial sentence, although illegal, should be reinstated because if petitioner would have had competent counsel at his resentencing hearing in October of 2013, he would have withdrawn his motion for a new sentence. We are not persuaded by petitioner's arguments and find that the circuit court did not abuse its discretion in resentencing petitioner in December of 2018. The sentence requested by petitioner is illegal and, accordingly, we find that the court did not err in correcting the same. Further, we concur with respondent that any error petitioner may argue with respect to his 2013 resentencing hearing was resolved by his opportunity to be heard on this issue in the circuit court in 2018.

In his second assignment of error, petitioner contends that the circuit court erred in sentencing him as a recidivist outside of the term of court in which he was convicted of the triggering offense. However, petitioner offers no legal support of his contention, other than a citation to West Virginia Code § 61-11-19, which contains no such requirement. In *State ex rel. Housden v. Adams*, 143 W. Va. 601, 607, 103 S.E.2d 873, 876 (1958), we reasoned that "[t]here is no provision in [West Virginia Code § 61-11-19] requiring the other steps such as sentencing [in the same] term [of court], as these, we think, could be had at some subsequent time within a reasonable time." Accordingly, as there is no prohibition on sentencing petitioner as a recidivist outside the term of court in which he was convicted of his triggering offense, we find no abuse of the circuit court's discretion.

For the foregoing reasons, we affirm the circuit court's December 21, 2018, order resentencing petitioner.

Affirmed.

4

**ISSUED:** June 18, 2020

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison