STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**March 2, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0962** (Wayne County 18-F-263 and 19-F-066)

**Roger Dale Blackburn,**
**Defendant Below, Petitioner**


# MEMORANDUM DECISION


Petitioner Roger Dale Blackburn, by counsel Matthew D. Brummond, appeals the Circuit Court of Wayne County's September 26, 2019, sentencing order. Respondent the State of West Virginia, by counsel Scott E. Johnson, filed a response to which petitioner filed a reply.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.[2]

Petitioner states that while he maintains his innocence, when viewing the evidence in the light most favorable to the jury's verdict, the State introduced sufficient evidence to show that he broke into a residence and associated outbuildings. The victim reported coming home to destroyed and missing property. In addition, security footage from a pawn shop showed petitioner selling rings taken from the residence. Further, police found a tire iron at the victim's residence that tested positive for petitioner's DNA, and neighbors saw petitioner, or his truck, appearing to case the area when the homeowner victim was away.

During the trial, petitioner claimed that he bought the rings from a third party who had access to his vehicle and its tire iron. He also presented an alibi defense. However, the jury convicted him of one count of burglary, one count of grand larceny, one count of destruction of

---

[1] Petitioner also submitted a notice of additional authority on January 13, 2021.

[2] On May 29, 2020, petitioner filed a motion to summarily reverse by memorandum decision. Because this memorandum decision affirms petitioner's life recidivist sentence, we find that petitioner's motion is moot.

property, and three counts of breaking and entering. The State filed a recidivist information alleging that petitioner had previously been convicted of daytime burglary and receiving stolen property in 2016 and attempt to commit grand larceny in 2012. Petitioner admitted that he was the one convicted of those crimes but argued against the imposition of the life sentence under the West Virginia Constitution's Proportionality Clause.[3] In doing so, he asserted that his triggering and predicate felonies did not involve actual or threatened violence.

On August 27, 2019, the circuit court entered its "Sentence Order" finding that petitioner had been convicted of one count of burglary, one count of grand larceny, one count of felony destruction of property, and three counts of breaking and entering. The court noted that it had considered petitioner's motion for an alternative sentence; however, it denied that motion. The circuit court went on to address the State's motion to enhance petitioner's sentence to life imprisonment, pursuant to West Virginia Code § 61-11-19. According to the recidivist information, petitioner had been previously convicted of two felonies.[4] In addition to the imposition of costs and fines, the circuit court ordered that petitioner be confined to the penitentiary for the rest of his natural life, pursuant to West Virginia Code § 61-11-18(c) and Information No. 19-F-66. Petitioner was resentenced for purposes of appeal by order entered on September 26, 2019. He appeals from that order.

As we have previously stated,

> "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syllabus Point 2, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010).

Syl. Pt. 1, *State v. Varlas*, -- W. Va. --, 844 S.E.2d 688 (2020).

On appeal, petitioner asserts a single assignment of error:

---

[3] Petitioner's counsel asked the circuit court to "look at the appropriateness of the recidivist statute" and argued that it should look at "not only the crime that triggers the recidivist portion of it, but also the prior acts." As the State pointed out below, in 2016 petitioner was on parole for receiving stolen property and burglary. The State represented to the circuit court that burglary was a crime of violence. With regard to the instant matter, the State stated that petitioner "appears to be a career criminal on parole for burglary, committing burglary wherein a tire iron was found inside the house. Thankfully, [the victim] wasn't home, so there wasn't any violence. But, there was a propensity for violence to be had that day." In response, petitioner's counsel acknowledged "there is an assumption of burglary being a crime of violence" but that it is "violence against property."

[4] During the hearing, the circuit court found that while West Virginia Code § 61-11-18(c) did not require violence – just two prior felony convictions – "there's a risk of people being in their homes when their home is burglarized. That is why, I think, the Supreme Court has determined that it could be a crime of violence."

Petitioner admitted he was the same individual charged in the State's recidivist information but challenged the proportionality of a life sentence. The circuit court found the sentence appropriate under then-existing law, but five months later this Court changed the law in *State v. Hoyle*[, 242 W. Va. 599, 836 S.E.2d 817 (2019), *cert. denied*, 140 S. Ct. 2586 (2020)]. Should the Court remand [p]etitioner's case for the circuit court to apply the new standard?

In *Hoyle*, this Court set forth the following:

"While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is either no fixed maximum set by statute or where there is a life recidivist sentence." Syllabus Point 4, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

"The appropriateness of a life recidivist sentence under our constitutional proportionality provision found in Article III, Section 5, will be analyzed as follows: We give initial emphasis to the nature of the final offense which triggers the recidivist life sentence, although consideration is also given to the other underlying convictions. The primary analysis of these offenses is to determine if they involve actual or threatened violence to the person since crimes of this nature have traditionally carried the more serious penalties and therefore justify application of the statute." Syllabus Point 7, *State v. Beck*, 167 W. Va. 830, 286 S.E.2d 234 (1981).

For purposes of a life recidivist conviction under West Virginia Code § 61-11-18(c), two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) substantial impact upon the victim such that harm results. If this threshold is not met, a life recidivist conviction is an unconstitutionally disproportionate punishment under Article III, Section 5 of the West Virginia Constitution.

Syl. Pts. 10, 11, and 12, *State v. Hoyle*, 242 W. Va. at 603, 836 S.E.2d at 821.

Petitioner argues that this Court's holdings in *Hoyle* constitute new rules of criminal procedure that are applicable because his case was not yet final at the time the *Hoyle* opinion was issued. According to petitioner, "[a] conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to this Court is exhausted or the time period for such expires." *State v. Blake*, 197 W. Va. 700, 711, 478 S.E.2d 550, 561 (1996). Here, petitioner preserved the proportionality challenge and was sentenced on June 24, 2019. He also timely appealed to this Court. Petitioner argues that "[t]he Court then created a new standard for evaluating proportionality in *Hoyle* in November, 2019 – before deciding [p]etitioner's appeal." Therefore, he contends that his case was not final when the Court adopted a new standard for evaluating a preserved error, and petitioner should have the benefit of it on appeal. In addition, he asserts that because he could benefit from the new rule, this Court should remand his case to the

3

circuit court so it can reconsider the facts of this case under the standard set forth in *Hoyle*. Petitioner asserts that this "case requires remand because the circuit court, in reliance on the old rule, did not conduct the factual analysis necessary for this Court to apply the new one." Petitioner argues that the prior standard set forth in syllabus point 7 of *State v. Beck*, 167 W. Va. 830, 286 S.E.2d 234 (1981), asked whether the offenses showed a propensity for violence. However, he contends that words like offense, crime, and felony are ambiguous, as they may "refer to a kind of crime, a generic crime, as set forth in a statute . . ., or . . . to the way in which an individual offender acted on a particular occasion[.]" *U.S. v. Stitt*, 139 S.Ct. 399, 405 (2018). He, therefore, asserts that courts under the old standard relied upon the facts, inherent qualities, or elements to reach conflicting results. However, *Hoyle* solves this issue by referring to "convictions." Without setting forth any real analysis, petitioner argues that the Court's "example in *Hoyle*, to illustrate the new standard also makes this fact-based approach clear."

At the outset, we note that recidivist statutes are designed "to deter felony offenders, meaning persons who have been convicted and sentenced previously on a penitentiary offense from committing subsequent felony offenses." Syl. Pt. 3, in part, *State ex rel. Appleby v. Recht*, 213 W. Va. 503, 583 S.E.2d 800 (2002) (citation omitted). Petitioner does not dispute that he was convicted of burglary, grand larceny, destruction of property, and breaking and entering in the instant matter. Further, he does not dispute that he was previously convicted of daytime burglary, receiving stolen property, and attempt to commit grand larceny. West Virginia Code § 61-11-18(d) provides for the imposition of a life sentence "[w]hen it is determined . . . that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary . . . ." *Id.*; *accord Hoyle*, 242 W. Va. at 614, 836 S.E.2d at 832. As set forth in *Hoyle*, "[f]or purposes of a life recidivist conviction under West Virginia Code § 61-11-18(c), two of the three felony convictions considered must have involved either (1) actual violence, (2) a threat of violence, or (3) substantial impact upon the victim such that harm results." Syl. Pt. 12, in part, *Hoyle* at 603, 836 S.E.2d at 821.

Petitioner was sentenced by order entered on August 27, 2019, which was prior to this Court's issuance of *Hoyle*. However, even if the circuit court had considered this Court's decision in *Hoyle* in imposing petitioner's life recidivist sentence, it would have reached the same conclusion. As this Court has long held that "burglary and grand larceny [are] crimes that by their very nature involve[] the threat of harm or violence to innocent persons." *State v. Housden*, 184 W. Va. 171, 175, 399 S.E.2d 882, 886 (1990). In *Housden*, the Court was clear that the imposition of a life recidivist sentence for burglary and grand larceny does "not violate the proportionality doctrine nor [does] it constitute cruel and unusual punishment as prohibited by the West Virginia Constitution and the United States Constitution." 184 W. Va. at 175, 399 S.E.2d at 886. As established below in the instant case, a tire iron with petitioner's DNA was found inside the victim's residence, which supports the assumption of the threat of violence. Even though the victim was not at home at the time petitioner entered it, the victim could have returned at any time. Petitioner's prior convictions include daytime burglary; as set forth above, we have found that burglary involves the threat of harm or violence.[5] For these reasons, we find that the circuit court

---

[5] While petitioner argues that his case should be remanded for the circuit court to consider whether actual violence occurred in the commission of the crimes for which he was convicted, (Continued . . .)

4

did not err in imposing a life recidivist sentence based upon the threat of violence involved with both of petitioner's burglary convictions.

Affirmed.

**ISSUED:** March 2, 2021


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice William R. Wooton


Justice Armstead, concurring, and writing separately:

I concur in the Court's affirmance of the circuit court's sentencing order, but I write separately because our recidivist statute, West Virginia Code § 61-11-18(c) (2000), is clear and should be applied as written. For many years, this Court has imposed a myriad of additional requirements that must be met before the recidivist statute may be applied. This Court has essentially "legislated" and imposed its own requirements, which have been applied in a varied and inconsistent manner. See State v. Lane, 241 W.Va. 532, 826 S.E.2d 657 (2019) (Armstead, J., dissenting). In fact, our Legislature has recently amended this statute to clarify its provisions. See W. Va. Code § 61-11-18(c) (2020).

---

essentially requiring an additional trial or the presentation of additional evidence to determine whether violence resulted from each such crime, such an approach is unnecessary in this case. Subsequent to *Hoyle*, this Court addressed a life recidivist case, which supports the application of syllabus point 12 of *Hoyle* as this Court does in the instant matter. *See State v. Plante*, No. 19-0109, 2020 WL 6806375, at *7 (W. Va. Nov. 19, 2020) (memorandum decision) ("Applying the *Hoyle* test to the facts of this case, we conclude that petitioner's recidivist life sentence must be upheld. The triggering felony of possession with intent to deliver heroin is a crime that involves 'substantial impact upon the victim such that harm results.' *Id.*; *see State v. Gaskins*, No. 18-0575, 2020 WL 3469894, at *4 (W. Va. June 25, 2020) (memorandum decision) (finding 'petitioner's prior convictions of delivery of a controlled substance, specifically cocaine, has a substantial impact on the victim of the crime.'). Further, petitioner's prior felony conviction of the federal felony offense of possession with intent to distribute cocaine base, like his triggering felony, involves 'substantial impact upon the victim such that harm results.' *Id.* at 603, 836 S.E.2d at 821, Syl. Pt. 12.").

5

The sentencing in this matter fell under the 2000 version of this statute and the majority decision in this case bases its affirmation upon State v. Hoyle, 242 W.Va. 599, 836 S.E.2d 817 (2019). While I agree with the majority that the Petitioner's sentence should be affirmed, I would reach the same conclusion by simply applying the statute as written.